**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chico Mendiola; Terra Mendiola, <br><br>     Plaintiffs, <br><br> vs. <br><br> J. Love, et al., <br><br>     Defendants. | No. CV-05-1823-PHX-FJM <br><br> **ORDER** |

The court has before it defendants' motion for summary judgment (doc. 32), plaintiffs' response (doc. 33), and defendants' reply (doc. 40).

**I-Background**

On June 3, 2004, at approximately 5:00 a.m., the Pinal County Sheriff's Office received a 911 call reporting that a man and woman were fighting in the median of Interstate 10. Defendant Deputy Love was dispatched to the scene, along with another sheriff's deputy and an officer from the Arizona Department of Public Safety. At approximately 6:00 a.m., Deputy Love found plaintiffs Chico and Terra Mendiola at the location the individuals were reported to have been fighting. Deputy Love placed both plaintiffs under arrest and transported them to the jail, where they were booked and charged with disorderly conduct and domestic violence. They were released at approximately 4:00 p.m. on that same day.

1  The Pinal County Attorney's Office subsequently chose not to prosecute the case, concluding
2  that there was "no reasonable likelihood of a conviction." PSOF, Exhibit 4.
3       Plaintiffs filed this action against Deputy Love, current Pinal County Sheriff Chris
4  Vasquez, and the Pinal County Board of Supervisors, alleging that their civil rights were
5  violated due to their wrongful arrest, false imprisonment, and defendants' failure to properly
6  hire, train or supervise the deputies. Plaintiffs seek both compensatory and punitive
7  damages.

## II-Wrongful Arrest

9       In Count I of the complaint, plaintiffs allege that Deputy Love deprived them of their
10 constitutional rights when he arrested and detained them without probable cause.  A
11 warrantless arrest is reasonable under the Fourth Amendment where there is probable cause
12 to believe that a criminal offense has been or is being committed. Devenpeck v. Alford, 543
13 U.S. 146, 152, 125 S. Ct. 588, 593 (2004). Probable cause exists if "at the moment the arrest
14 was made . . . the facts and circumstances within [the officer's] knowledge and of which [he]
15 had reasonably trustworthy information were sufficient to warrant a prudent man in believing
16 that [plaintiffs] had violated [the law]." Hunter v. Bryant, 502 U.S. 224, 228, 112 S. Ct. 534,
17 537 (1991). Law enforcement officials who " 'reasonably but mistakenly conclude that
18 probable cause is present' are entitled to immunity." Id. at 227, 112 S. Ct. at 536 (quoting
19 Anderson v. Creighton, 483 U.S. 635, 641, 107 S. Ct. 3034, 3040 (1987)). Accordingly,
20 Deputy Love is entitled to qualified immunity if a reasonable officer could have believed that
21 probable cause existed to arrest the plaintiffs.
22      "The determination of whether a reasonable officer could have believed his conduct
23 was lawful given the totality of the circumstances is a determination of law that can be
24 decided on summary judgment if the material facts are undisputed." Collins v. Jordan, 110
25 F.3d 1363, 1369 (9th Cir. 1996) (emphasis in original). "If, however, there is a material
26 dispute as to the facts and circumstances that an officer knew or should have known, or as
27 to the facts regarding what the officer or the plaintiff actually did, the case must proceed to
28 trial." Id. at 1370.

The testimony concerning the plaintiffs' arrest is sharply conflicting. Plaintiffs contend that Deputy Love responded to the "anonymous" 911 call and immediately arrested them upon arriving at the scene, without first questioning them or otherwise investigating the 911 report. They claim that they stopped their car along the interstate because Terra Mendiola was ill, and at no time had they been fighting. PSOF, Exhibits 1, 2. They argue that the 911 call was insufficient to establish probable cause. Conversely, Deputy Love asserts that the information presented in the 911 call was corroborated when he arrived at the scene. In his report, he stated that he interviewed both individuals prior to their arrest, that both individuals confirmed there had been an argument, and that he saw a scratch on Chico Mendiola's neck. DSOF, Exhibit 2.

A police officer has "a duty to conduct an investigation into the basis of the witness' report." Fuller v. M.G. Jewelry, 950 F.2d 1437, 1444 (9th Cir. 1991). "Although a police officer is entitled to rely on information obtained from fellow law enforcement officers, this in no way negates a police officer's duty to reasonably inquire or investigate these reported facts." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1293 n.16 (9th Cir. 1999) (citation omitted); see also Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001) ("[i]n establishing probable cause, officers may not solely rely on the claim of a citizen witness that he was a victim of a crime, but must independently investigate the basis of the witness' knowledge or interview other witnesses").

Whether it was objectively reasonable for Love to believe that probable cause existed turns on the resolution of whether Deputy Love interviewed the plaintiffs prior to their arrest, or otherwise verified the report in the 911 call. Because a material issue of fact exists, we deny defendants' motion for summary judgment on Count I.[1]

**III–False Imprisonment/Abuse of Power**

---

[1] We note that defendants' reference to A.R.S. § 13-3601(B) to support the propriety of the arrest is unavailing in that it also requires a showing of probable cause prior to an arrest for domestic violence, with or without a warrant.

1  Defendants argue that Pinal County Sheriff Chris Vasquez should be dismissed
2 because he was not sheriff at the time of the incident. Although it is not clear from the face
3 of the complaint whether Vasquez is being sued in his official or individual capacity, because
4 plaintiffs do not allege that Vasquez himself took any actions under color of state law, see
5 Kentucky v. Graham, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105 (1985), we construe the
6 claims against Vasquez as official capacity claims.

7  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit
8 against the entity." Id. at 166, 105 S. Ct. at 3105. In an official capacity action in federal
9 court, death or replacement of the named official will result in automatic substitution of the
10 official's successor in office. Id. at at 166 n.11, 105 S. Ct. at 3105 n.11. If plaintiffs had
11 named the sheriff who was in office at the time of the incident, Vasquez, the current Pinal
12 County sheriff, would have been automatically substituted. See Fed. R. Civ. P. 25(d)(1).
13 Therefore, Vasquez is properly named in this action.

14  In Count II, plaintiffs allege that their civil rights were violated by false imprisonment
15 and abuse of power, and they assert that Sheriff Vasquez and the Pinal County Board of
16 Supervisors are liable on a respondeat superior theory. It is well established, however, that
17 "a local government may not be sued under § 1983 for an injury inflicted solely by its
18 employees or agents." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S. Ct. 2018,
19 2037 (1978). Instead, an entity is liable under § 1983 only for constitutional violations
20 occurring pursuant to an official government policy or custom. Id. at 690-91, 98 S. Ct. at
21 2036. Plaintiffs do not allege that Vasquez or the Board of Supervisors acted pursuant to a
22 policy or custom; therefore, the Count II claims against Vasquez and the Pinal County Board
23 of Supervisors and its members are dismissed.[2]

---

[2]Plaintiffs do not respond to defendants' argument that the Board of Supervisors should be dismissed, instead choosing to "submit th[e] issue[] to the court on the pleadings." Response at 4. However, an adverse party may not "rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ.

- 4 -

**IV-Failure to Hire, Train, Supervise**

In Count III, plaintiffs allege that Sheriff Vasquez failed to properly train, hire and/or supervise the deputies who deprived them of their constitutional rights. In order to hold a municipality liable under § 1983 for failing to train or supervise an employee, the plaintiff must show that the municipality had a policy or custom, which amounts to "deliberate indifference" to constitutional rights, and that the policy is the "moving force" behind the constitutional violation. Anderson v. Warner, 451 F.3d 1063, 1070 (9th Cir. 2006) (citing City of Canton v. Harris, 489 U.S. 378, 388-89, 109 S. Ct. 1197, 1204-05 (1989)).

In their motion for summary judgment, defendants argue alternatively that Vasquez is improperly named (which we have already addressed), or that he cannot be liable under a respondeat superior theory. But plaintiffs do not present a respondeat superior theory of liability in Count III; instead they allege that Vasquez, in his official capacity, failed to train, hire, or supervise the deputies. Defendants do not effectively oppose this claim; therefore the motion for summary judgment on Count III is denied.

**V–Punitive Damages**

Finally, defendants move to dismiss plaintiffs' claim for punitive damages, asserting that under Arizona law, "[n]either a public entity nor a public employee acting within the scope of his employment is liable for punitive or exemplary damages." A.R.S. § 12-820.04. Again, plaintiffs do not respond to this argument, but instead "submit th[e] issue[ ] to the court on the pleadings." Response at 4. Accordingly, we grant summary judgment in favor of the defendants on the issue of punitive damages. See Fed. R. Civ. P. 56 (e).

**VI–Conclusion**

**IT IS THEREFORE ORDERED GRANTING** defendants' motion for summary judgment on Count II, and **GRANTING** defendant's motion for summary judgment on the claim for punitive damages (doc. 32). **IT IS FURTHER ORDERED DENYING**

---

P. 56 (e). Accordingly, defendants' motion for summary judgment as to the Board of Supervisors and its individual members is also granted on this alternative basis.

- 5 -

1  defendants' motion for summary judgment on Counts I and III (doc. 32). To clarify, the Pinal
2  County Board of Supervisors and its members are dismissed from this action.
3  DATED this 6th day of February, 2007.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 6 -